NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID TIFFANY,

Petitioner-Appellant,

v.

ROBERT LEGRAND, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEVADA

Respondents-Appellees.

No.   19-15796

D.C. No.
3:13-cv-00682-MMD-CBC

MEMORANDUM*

On Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted August 10, 2020**
San Francisco, California

Before:  GRABER and BRESS, Circuit Judges, and DAWSON,*** District Judge.

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***      The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

David Tiffany appeals the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Tiffany's petition challenged his convictions for lewdness with a child under the age of 14, sexual assault of a minor under the age of 14, solicitation of a minor, and child abuse and neglect. The sole basis of Tiffany's appeal is whether his due process rights were violated when the trial court denied his request for investigative funds. On direct appeal in the state court system, the Nevada Supreme Court held that the trial court abused its discretion in denying the funds, but it concluded the error was harmless beyond a reasonable doubt. On habeas review, the district court held that the decision from the Nevada Supreme Court was neither contrary to nor an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

1. Tiffany argues that the trial court's denial of investigative funds should be deemed a structural error and, thus, that prejudice must be presumed. Tiffany principally relies on *Ake v. Oklahoma*, 470 U.S. 68 (1985), to support this position. The Constitution requires courts to ensure that indigent defendants have "a fair opportunity to present [their] defense," and the Supreme Court has held that indigent defendants are entitled to psychiatric experts under some circumstances. *Id*. at 76, 83. However, the Supreme Court has not determined whether indigent defendants are entitled to non-psychiatric experts. *See Caldwell v. Mississippi*, 472

2

U.S. 320, 323 n. 1 (1985) (leaving the question open as to "what if any showing" would entitle an indigent defendant to non-psychiatric assistance as a matter of federal constitutional law). Thus, the trial court's denial of funds was neither contrary to nor an unreasonable application of clearly established federal law. *See White v. Woodall*, 572 U.S. 415, 426 (2014) (holding that 28 U.S.C. § 2254(d)(1) "does not require state courts to *extend* [Supreme Court] precedent or license federal courts to treat the failure to do so as error." (emphasis in original)).

2. Even if *Ake* extended beyond non-psychiatric assistance, there is no clearly established Supreme Court authority to suggest that an *Ake* violation is structural in nature. Indeed, there is a split of authority on the question of whether an *Ake* violation constitutes a trial error subject to harmless error inquiry or a structural error in which prejudice should be presumed. *Compare McWilliams v. Comm'r, Alabama Dep't of Corr.*, 940 F.3d 1218, 1224–26 (11th Cir. 2019) (holding that an *Ake* violation was structural error), *with White v. Johnson*, 153 F.3d 197, 201 (5th Cir. 1998) (holding that an *Ake* violation was subject to harmless error analysis), *Tuggle v. Netherland*, 79 F.3d 1386, 1392–93 (4th Cir. 1996) (same), *and Brewer v. Reynolds*, 51 F.3d 1519, 1529 (10th Cir. 1995) (same). Because there is no clearly established Supreme Court authority, we need not resolve this issue and Tiffany is not entitled to relief on this basis.

3.  Alternatively, Tiffany requests remand to the district court for an evidentiary hearing on the issue of harmlessness.  Habeas petitioners are not entitled to relief unless they can establish that a trial error resulted in actual prejudice.  *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (directing federal courts on collateral review to determine whether a trial error had a "substantial and injurious effect or influence on the jury's verdict." (internal quotations and citation omitted)).  During Tiffany's trial, the government presented overwhelming evidence of his guilt.  And, on appeal, the record discloses no prejudice resulting from the denial of investigative funds.  Because there is no basis to conclude that the denial of funds had a "substantial and injurious effect or influence in determining the jury's verdict," *id.*, remand is unnecessary.

**AFFIRMED.**